## Stone v. Daniels.

(Decided November 16, 1915.)

### Appeal from Bell Circuit Court.

Pleading—Summons on Supplemental Petition Not Necessary When Petition Sets Out Lien Notes Sued on.—Under Section 135 of the Civil Code where the petition sets out several lien notes, some due and others not due, and seeks a judgment on those that have matured, judgment may be had on the unmatured notes as they fall due without further services of process.

METCALF & JEFFRIES for appellant.

A. G. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

In February, 1913, the appellant bought from the appellee a tract of land for the agreed consideration of $3,500. $2,000 of this sum was paid in cash, and for the remainder of the consideration three notes of $500 each were executed, payable in six, twelve and eighteen months from the date of the conveyance. The first note fell due in August, 1913, and in September following, the appellee brought suit, in which he averred that "as part consideration for said land defendant on February 14, 1913, executed and delivered to plaintiff her three notes for the sum of $500 each, whereby defendant promised and agreed to pay him $500 six months after date thereof, $500 twelve months after date thereof, and $500 eighteen months after date thereof; all of said notes bearing six per cent. interest from date, and made negotiable and payable at the First State Bank at Pineville." It was further averred that a lien was retained to secure the payment of all the notes, that no part of the note first due, or of the other notes, had been paid, and that there were no other liens on the land and that it could be divided without materially impairing its value.

Summons on this petition issued, and was executed in due time, and at the September term, 1913, of the Bell Circuit Court the defendant, by Baker & Rawlins, her attorneys, filed a demurrer to the petition, which was overruled, and no answer or other pleading being filed by the defendant, there was a judgment on the note at the December term, 1913, and an order directing enough of the land sold to pay the judgment.

In February, 1914, at which time the judgment had not been executed, the plaintiff filed in court an amended petition setting out that the second note was due and unpaid, and he prayed for judgment for the amount of the note and for a sale of so much of the land as might be necessary to satisfy it. Thereupon there was a judgment in conformity to the prayer of the petition.

On November 11, 1914, it appearing that the last note had become due, and that the judgment on the other two notes had not been executed, another amended petition was filed asking for a judgment on the third note, and a sale of the land to satisfy the same. This last judgment was entered on November 23, 1914.

In December, 1914, the defendant, by Metcalf & Jeffries, her attorneys, made a motion to set aside the judgment, and offered to file an answer, set-off and counterclaim, to which the plaintiff objected. The court sustained the objection and refused to allow the pleading to be filed for the reason, as set out in the order, that the defendant was given at the time the second and amended petition was filed on November 11th, 1914, until November 14th to file her answer, at which time counsel for defendant announced in open court that she had no defense to make and agreed that judgment should be entered, which was accordingly done.

From the order refusing to set aside the judgment and to allow the pleading to be filed, this appeal is prosecuted.

The tendered pleading set out, in substance, that the plaintiff was a non-resident of the State, and that when the conveyance was made he represented that the tract of land conveyed contained one hundred acres, and the defendant relied on these representations and would not have purchased the land at the price named except for the fact that she believed the tract did contain one hundred acres. She further averred that since November 14, 1914, she discovered for the first time

that the tract contained only seventy-eight acres and that eight acres of this seventy-eight was in the actual adverse possession of other owners of the land at the time of her purchase in February, 1913, and she asked that she be allowed to set off the value of this deficiency, namely, $1,050, against the notes sued on.

It is suggested in argument for appellee that the judgments on the last two notes were void because no process was issued on the amended petition seeking judgment on these notes, and the defendant was not before the court. But this contention is not well founded. Section 135 of the Civil Code provides, in part: "If a plaintiff, having a lien for a debt due and a debt not due upon property which he seeks to subject, state both claims in his petition, he may, upon a suggestion of record that one of them has become due, *pendente lite,* have judgment for a sale of the property therefor."

The plaintiff set up in his petition a cause of action on all of the notes, and as the defendant was summoned to answer the petition, the plaintiff was entitled to a judgment on the notes maturing after the petition was filed without other process. Moshell v. Reed & Wilcox, 30 Ky. L. R., 10.

The answer sets up a good cause of action, but we think it was tendered too late. The defendant was summoned and was represented by attorneys in 1913, and the tendered pleading does not disclose any reason why she could not then have ascertained the deficiency in the land or have made the defense set up in the tendered pleading.

It is true the tendered pleading averred that "since the last supplemental judgment herein rendered at the present term of court, and within less than a week prior to the filing of this answer, set-off and counterclaim, she has for the first time learned and discovered that the said tract of land described and attempted to be conveyed in the said deed contains a total gross area of seventy-eight acres, and no more." But there is no averment that by the exercise of reasonable diligence this deficiency could not have earlier been discovered. The pleading does not disclose any reason for the delay except the naked allegation that she learned of the deficiency only about a week before the tendered petition was filed. Why she could not have learned of it sooner does not appear.

Aside from this, the tendered pleading shows that eight acres of the land was in the actual, adverse possession of other claimants holding the same under superior title at the time of her purchase of the land in 1913, and certainly she knew this fact at the time she was before the court by her attorneys in 1913. It seems to us that the effort of the defendant was to delay the execution of the judgment.

If the defendant has a meritorious claim against the plaintiff, she may assert it in a separate action, if she can aver and establish by evidence sufficient facts to excuse her delay in not setting up her defense in seasonable time.

The judgment is affirmed.